JAMES T. JOHNSON, Respondent, v. SIMON DAW, Appellant.

Kansas City Court of Appeals, April 3, 1893.

1. **Municipal Corporations:** VILLAGES: IMPOUNDING STOCK: NUISANCES. Where a village charter authorizes the abatement of nuisances, and also the regulation and prohibition of stock running at large, an ordinance impounding stock must rest upon the latter grant, and not upon the former.

2. ———: ———: ———: CONSTRUCTION. Where the provision is to impose a fine for forfeiture, this only authorizes a fine and not a forfeiture, and an ordinance authorizing the sale of stock found running at large, unless certain charges are paid, is void, as the ordinance cannot inflict a punishment different from that prescribed by the charter.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*J. D. Shewalter* and *Davis & Wingfield*, for appellant.

(1) Under the power "to prevent and remove nuisances," as also by the express terms of the statute vesting authority "to regulate and prohibit the running at large of dogs, * * * horses in the streets and alleys of such towns," power is given to pass the ordinance. Revised Statutes, sec. 1672; *Spitler v. Young*, 63 Mo. 42; Dillon on Municipal Corporations [3 Ed.], sec. 350; [1 Ed.], sec. 284. See authorities of different states to effect, that power to "remove nuisances" confers authority to pass such ordinances. Dillon on Municipal Corporations, sec. 350, *supra*, note 2. (2) The power to impose fines and penalties (Revised Statutes, sec. 1672) does not restrict the town, as held by the

lower court, to the imposition of a fine on the owner (the creation of a misdemeanor), but the power to abate a nuisance carries with it the power to remove it. Besides, the statute itself gives the power to "remove nuisances," as well as to "regulate and prohibit" stock running at large. Revised Statutes, sec. 1672. (3) The power "to impose fines * * * and penalties for breaking or violating ordinances" (Revised Statutes, sec. 1672) is cumulative, and does not exclude the power to abate or remove nuisances. Permitting stock to run at large may also be declared a misdemeanor in the town, but a penalty is not necessarily the creation of a misdemeanor and a fine on the guilty party. This ordinance itself is the imposition of a penalty. *Spitler v. Young, supra.*

*Leslie Orear,* for respondent.

(1) If it should be assumed that the town of Malta Bend is an organized village, it had no authority or power under its charter to pass the ordinance offered in evidence; such ordinance was invalid. Revised Statutes, 1889, sec. 1672; Dillon on Municipal Corporations [3 Ed.], secs. 336, 339, 340, 346, 348, 349, 357. (2) Live stock running at large in a village is not a nuisance *per se,* because it is dealt with by statute. Section 1672, so far as it refers to nuisances, means nuisances *per se,* and excludes the idea that live stock was intended to be covered by that expression, because power is given by same section to regulate and prohibit live stock. Revised Statutes, 1889, sec. 1672. (3) There is a very striking and essential difference between the charter of the town of Trenton (construed in *Spitler v. Young),* and section 1672, Revised Statutes, 1889, conferring powers on the town of Malta Bend. Power is given villages by said section to "impose and appro-

priate fines for forfeitures for breaking or violating their ordinances." The word "for" in this connection means "instead of," "in the place of." Session Acts of Missouri, 1874, p. 408. In Trenton forfeiture was plainly conferred. *Spitler v. Young*, 63 Mo. 42, is not in point, so far as it is relied on to support the validity of the ordinance in question. That such was the intention of the legislature is plainly manifest, because the mode of procedure is also expressly pointed out. Revised Statutes, 1889, secs. 1684, 1685.

ELLISON, J.—This is an action of replevin by the owner of certain horses. The defendant seeks to justify their detention by showing that he as marshal of the town of Malta Bend found them running at large upon the streets of said town contrary to an ordinance thereof, and that he impounded them under the provisions of such ordinance. The ordinance provides for the impounding of animals found running at large in the streets, and, if the owner failed to call for them, and pay charges allowed for taking and keeping them, that they should be sold. The judgment below was for plaintiff and defendant appeals. The only question presented here is as to the validity of the ordinance.

The charter for the town of Malta Bend is found under the provisions of the General Statutes as to villages, article 6, chapter 30. By section 1672 of this statute a village board of trustees "have power to pass bylaws and ordinances to prevent and remove nuisances; * * * to regulate and prohibit the running at large of dogs, hogs, cattle and horses in the streets and alleys of such town; * * * to impose and appropriate fines for forfeitures and penalties for breaking or violating their ordinances." It is attempted to sustain the ordinance under the charter provision as to the prevention and removal of nuisances. But we

think this cannot be done in the light of the fact that special provision is made, in terms, concerning animals running at large. In such case it is proper to look to the terms of such special provision for the power asserted. If the regulation of animals running at large had not been specially provided for, we might with some reason look for the power under the nuisance provision. *Rosebaugh v. Saffin*, 10 Ohio, 32.

It will be noticed that there is no provision in the charter for a forfeiture of property as a means of enforcing the ordinance. The provision is to impose a *fine for* forfeiture. We do not understand this to authorize a forfeiture, but only a fine. The meaning of the statute is that a fine is the penalty or forfeiture which a party suffers for violating the ordinance. The words "penalties" and "forfeiture" are used in this sense. This being true we must hold the ordinance to be invalid, for it is laid down by authority of great weight that no such important power as that of forfeiture of a man's property, or taking it from him in these summary municipal proceedings shall be exercised by the municipality or its officers, unless plainly and specially authorized by charter. 1 Dillon on Municipal Corporations, secs. 336, 339, 340, 346, 348, 349. An examination of the adjudications on this subject will show charter powers and restrictions upon powers in a variety of forms and modes of expression; and the cases may not be altogether harmonious. But I can find no case where the charter power being special and referring in terms to a given matter and prescribing the kind of punishment, a different penalty, forfeiture or punishment may be inflicted by ordinance for such matter.

We do not consider the case of *Spitler v. Young*, 63 Mo. 42, to be applicable to the terms of the charter here considered; for in that case the charter provided

that the town council "shall have power within said town, by ordinance, * * * to *impose*, collect and *enforce* fines, *forfeitures* and penalties for the breach of any town ordinance." Acts 1874, 409.

The judgment will be affirmed. All concur.